# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| PAMELA WEST | § | PLAINTIFF |
| --- | --- | --- |
| | § | |
| v. | § | CAUSE NO. 1:09CV295 LG-RHW |
| | § | |
| NATIONWIDE TRUSTEE SERVICES, | § | |
| INC., and CHASE MANHATTAN | § | |
| MORTGAGE CORP., CA | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART SECOND MOTION FOR SUMMARY JUDGMENT AND DENYING MOTION TO STRIKE

BEFORE THE COURT are 1) the Second Motion for Summary Judgment [56] filed by Defendant Chase Home Finance, LLC,[1] and 2) the Motion to Strike [65] certain documents filed by Chase. Although Defendant Nationwide Trustee Services, Inc., filed a joinder, Nationwide Trustee and Plaintiff Pamela West have since filed a Joint Motion to Dismiss Nationwide Trustee. West brought claims arising from an alleged wrongful foreclosure. Chase countersued for declaratory judgment, breach of contract, and conversion. The Court has considered the parties' submissions and the relevant law. Summary judgment is granted on West's claims of breach of good faith and fair dealing, negligence, wrongful foreclosure damages, and declaratory judgment. West is to tender the $47,118.16 check to Chase, once the check is reissued by Nationwide Insurance. The remainder is denied.

FACTS AND PROCEDURAL HISTORY

The facts of this case have been fully set out in the Court's earlier orders, which the Court

---

[1] Chase Home Finance, LLC, is the successor-in-interest to Chase Manhattan Mortgage Corp.

incorporates by reference. In brief, West's home in Bay St. Louis, Mississippi was destroyed by Hurricane Katrina. In addition to $206,400 collected from a Mississippi Wind Pool insurance policy in December 2005[2], she received a check for $47,118.16 in August 2007, from Nationwide Insurance for damage to her home. West deemed repairs not feasible with this amount of money, and in these circumstances, the terms of the Deed of Trust provided that insurance proceeds were to be applied to the mortgage obligation. She wished to tender a portion of the $47,118.16 to Chase Home Finance, LLC, and use the rest to pay her attorneys, but was unable to obtain Chase's agreement to modify the terms of her mortgage loan to do so. She stopped making mortgage payments to Chase after January 16, 2008. Chase's agent, Nationwide Trustee Services, Inc., began foreclosure proceedings in April, 2008. Shortly before the foreclosure sale, in April of 2009, West filed suit in Hancock County Chancery Court to enjoin the sale and obtained a temporary restraining order. The case was then removed to this Court.

DISCUSSION

MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the

---

[2] West's testimony about what these insurance proceeds were used for is unclear, but the funds were never applied to her mortgage obligation and have apparently been dissipated.

suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

West bring claims for wrongful foreclosure, declaratory judgment on the loans, negligence, and breach of good faith and fair dealing. She seeks an injunction, an accounting, and damages. The Defendants contend that they are entitled to summary judgment on all of these claims.

*1) Breach of Covenant of Good Faith and Fair Dealing*:

West argues that the Defendants violated the covenant of good faith and fair dealing implicit in her mortgage contract. She contends that they acted in bad faith when they failed to cooperate with her numerous attempts to negotiate a method of repayment or to provide her with information on the amount she could pay to avoid foreclosure proceedings and any alternative methods of getting current. In addition, Chase sent her a letter offering potential alternatives to foreclosure; she was to submit certain documentation, within fifteen days, which Chase would review. However, six days later, well before she could comply, Nationwide informed her that it was initiating foreclosure proceedings.

West's complaints about Chase's failure to negotiate changes to her mortgage contract do not implicate the implied covenant of good faith, which "concerns the performance of the

contract, not the negotiation of terms leading to the agreement." *Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 32 F. Supp. 2d 894, 899 (S.D. Miss. 1998) (citations omitted). Further, West does not establish that Chase was required by the mortgage contract to act differently than Chase did. Both the Fifth Circuit Court of Appeals and the appellate courts of Mississippi have observed that the duty of good faith and fair dealing is not breached when the contract authorizes the precise action (or inaction) about which a party complains. *See Grand Hous., Inc. v. Bombardier Capital, Inc.*, 2005 WL 673267, at * 4 (5th Cir. Mar. 23, 2005) (finding no bad faith where defendant "at all times acted within its contractual authority"); *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1249 (Miss. 2000) (finding that defendant complied with contract and did not breach covenant of good faith and fair dealing); *Johnston v. Palmer*, 963 So. 2d 586, 593-95 (Miss. Ct. App. 2007) (finding no breach of the covenant of good faith and fair dealing when defendant complied with contract terms).

West readily admits that Chase has no contractual duty to modify the mortgage contract in the manner she desires, i.e., to let her apply the $47,118.16 check, less her attorney fees, to her monthly mortgage payments on both loans. Further, she admits that Chase did make some attempts to cooperate with her, giving her fifteen days but initiated the foreclosure proceedings anyway. At best, her evidence indicates that Chase promised, outside of the contract, to help her and renegotiate this term, but then failed to do so. The contract provides that Chase may agree to allow her to renegotiate the application of insurance proceeds, but it does not require Chase to do so. Accordingly, she cannot claim that Chase's failure to re-negotiate the contract breached the implied covenant of good faith and fair dealing because she does not show that those actions breached the contract. Chase is entitled to summary judgment on this claim.

*2) Negligence*:

Chase argues that the negligence claim fails for lack of any duty owed to West. She argues that the Deed of Trust created a duty for Chase to allow her "to make payments of Principal at any time before they are due . . . there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes." (Pl.'s Resp. Mem. at 16). She further argues Chase had a statutory duty to refrain from the foreclosure sale.

As for the former alleged duty, West has made clear in her arguments and evidence that she did not offer the check in payment of principal. Rather, she wanted Chase to allow her to pay her counsel and keep the remainder available to use for monthly payments. Further, the contractual duty she points to emphasizes that there will be no changes in the amount of monthly payments unless Chase agreed in writing, which it is undisputed that Chase did not do.

As for the statutory duty, West specifically argues that Mississippi Code Annotated § 89-1-301 created a duty for Chase to proceed with a foreclosure in Chancery Court, rather than by non-judicial sale, because there had been a natural disaster declaration affecting her property. That statute also provides, however, that the relief it affords expires two years from the date of any disaster declaration by the governor. *See* Miss. Code Ann. § 89-1-329. The Governor of Mississippi made the declaration affecting West's property following Hurricane Katrina on October 4, 2005. (Chase's Reply Ex. A). She was still making her mortgage payments when the two year period expired. The foreclosure action was not instituted until 2008. The foreclosure action is therefore not governed by § 89-1-301.

Because there is no genuine issue of material fact on this claim, the negligence claim is

dismissed.

*3) Wrongful Foreclosure*:

West seeks both damages and an injunction based on her wrongful foreclosure claim. Chase argues that this claim should be dismissed because there has not yet been a foreclosure and West is in default.

As noted in the Court's earlier Order Denying Motions to Dismiss, Ct. R. 43, Mississippi law recognizes a cause of action for wrongful foreclosure. *Nat'l Mortg. Co. v. Williams*, 357 So. 2d 934 (Miss. 1978). The mortgagor may recover damages or have the foreclosure set aside. *Id.* at 936. However, there is no Mississippi law recognizing this cause of action for damages in the absence of an actual foreclosure. A Mississippi court distinguished a case before it, in which there had not been a foreclosure sale, from *Williams* on this basis. *Temple-Inland Mortg. Corp. v. Jones*, 749 So.2d 1161, 1167 (Miss. Ct. App. 1999). Without an actual foreclosure, wrongful foreclosure damages "simply do not exist." *Id*. More recently, the Mississippi Supreme Court approved of a trial court's conclusion that "[t]here was no wrongful foreclosure because there was never a foreclosure at all," stating, "[t]his important fact cannot be over-emphasized." *McKinley v. Lamar Bank*, 919 So. 2d 918, 930 (Miss. 2005). West has provided no evidence that a foreclosure has taken place in this case. Accordingly, the Defendants are entitled to judgment as a matter of law in regard to her claim for wrongful foreclosure to the extent she seeks such damages.

To the extent she seeks to enjoin what she alleges is an imminent wrongful foreclosure, Chase argues that she is in default. West responds, among other things, that she has been unable to find out the amount currently due to Chase which will prevent foreclosure and the method of

acceptable payment.

Mississippi law imposes a duty on a mortgagee to account to a mortgagor for the amount it would take to bring the loan current before foreclosing on the property. *Williams*, 357 So. 2d at 937. Failure to do so before a foreclosure sale will constitute a wrongful foreclosure. *Id.* Chase maintains that it provided an accounting in discovery, and she is not entitled to any accounting because she is in default. One of the documents Chase points to is illegible. The other document is a spreadsheet which purports to be an accounting through October 16, 2009, with no authentication. Chase provides no authority that a defaulting party is not entitled to know the amount it is in default. In fact, *Temple-Inland*, noted that there was no wrongful foreclosure in part, because "[t]o the extent that *Johnson* imposes a duty to provide an accounting of the indebtedness necessary to avoid foreclosure before the mortgagee can proceed with a foreclosure sale, *Temple-Inland* has complied." *Temple-Inland*, 749 So. 2d at 1168 (¶23). Temple-Inland provided the borrowers with "statements [that] clearly indicated that they needed only to pay the past-due installments and late fees to bring their account current." *Id.* at 1167 (¶22). Because Chase has not demonstrated the lack of a genuine issue of material fact on this issue, it is not entitled to summary judgment on the wrongful foreclosure claim, to the extent West seeks to prevent an alleged wrongful foreclosure.

*4) Declaratory Judgment*:

West seeks a declaration of the rights and obligations of the parties in regard to the mortgage agreement and the insurance proceeds, less attorney's fees. Chase seeks a declaration that it is entitled to all of the Nationwide Insurance proceeds.

Nationwide Insurance made the payment of $47,118.16 for damage to West's dwelling.

Ct. R. 56-6 p. 16. It is undisputed that this amount only covered the dwelling and not West's contents or loss of use. Under the terms of the Deed of Trust noted above, insurance proceeds for damage to the dwelling are to be applied to restoration or repair, or if that is not feasible, "to the sum secured by this Security Instrument, whether or not then due." The borrower is entitled to any excess. In this case, there will be no excess. West owes far more than $47,118.16 on the first mortgage loan. Thus, the entire amount is to be tendered to Chase, under the terms of the Deed of Trust on the first loan.

Furthermore, the Deed of Trust expressly disallows West's claim for attorney's fees out of the insurance proceeds. "Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the Insurance proceeds and shall be the sole obligation of Borrower." Ct. R. 7-2 p. 9.

West alternatively argues that she is entitled to deduct her attorney fees under the theory of quantum meruit. "Quantum meruit recovery is a contract remedy which may be premised either on express or 'implied' contract, and a prerequisite to establishing grounds for quantum meruit recovery is claimant's reasonable expectation of compensation." *Tupelo Redev. Agency v. Gray Corp.*, 972 So. 2d 495, 514 (¶ 56) (Miss. 2007). "The essential elements of recovery under a quantum meruit claim are: '(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified person sought to be charged that plaintiff, in performing such services, was expected to be paid by person sought to be charged.'" *Id*. at 514-15. Assuming West's counsel's efforts to secure insurance proceeds from Nationwide Insurance inured to Chase's benefit, it is clear that

Chase did not accept, use or enjoy those efforts under circumstances which would reasonably notify Chase that West's attorney expected payment. Chase was not notified of the fact that West was pursuing legal action on her homeowner's policy until after the $47,118.16 check was obtained. Accordingly, quantum meruit provides no basis for requiring Chase to pay a portion of these insurance proceeds to counsel for West. Chase is entitled to all of the $47,118.16 proceeds from this check. The check has now gone stale. Once it is reissued by Nationwide Insurance, she must then tender the check to Chase.

MOTION TO STRIKE

Chase moved to strike certain exhibits West put forth in support of her claim that she was not provided an accounting. These were letters written by her counsel regarding her proposal that a portion of the $47,118.16 be paid to counsel as attorney's fees, and the rest be available for her to use to meet her monthly payment obligation.

Chase objects to this evidence and asks that it be stricken as unauthenticated and inadmissible hearsay. West maintains that the letters are not hearsay because they are not offered for the truth of the matter asserted, but as a present sense impression or explanation of an event or condition or to show mental impressions, pursuant to Fed. R. Evid. 803(1) and (3).

The Fifth Circuit has held that letters passing between the parties to an action which are relevant to the issue of the case are generally admissible. *Lasiter v. Wash. Nat. Ins. Co.*, 412 F.2d 594, 597 (5th Cir. 1969) (applying Texas law). *See also Twin City Fire Ins. Co. v. City of Madison*, 309 F.3d 901, 906-07 (5th Cir. 2002) (considering content of correspondence between the parties to find question of material fact).

Furthermore, there is no prejudice to Chase if the letters are admitted, because the Court

did not rely upon them. Instead, the Court found that Chase did not bear its initial burden to demonstrate the lack of a material issue of fact.

**IT IS THEREFORE ORDERED AND ADJUDGED** for the reasons stated above, that the Second Motion for Summary Judgment [56] filed by Defendant Chase Manhattan Mortgage Corp., CA, is **GRANTED** as to Plaintiff Pamela West's claims for breach of good faith and fair dealing, negligence, wrongful foreclosure damages, and declaratory judgment. West is to tender the entire $47,118.16 check to Chase, once the check has been reissued by Nationwide Insurance. The remainder is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Strike [65] filed by Chase is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE